UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

JOSEPH MATTHEW BYRDWELL,     )
                             )
        Plaintiff,           )          Civil No. 3: 21-41-HRW
                             )
V.                           )
                             )
S. MARIE HELLARD,            )          **MEMORANDUM OPINION**
                             )             **AND ORDER**
        Defendant.           )

*** *** *** ***

Plaintiff Joseph Byrdwell is a resident of Smithfield, Kentucky. Proceeding without an attorney, Byrdwell has filed a civil complaint pursuant to 42 U.S.C. § 1983, naming Kentucky Family Court Judge S. Marie Hellard in her official capacity as the sole defendant. [D. E. No. 1] Byrdwell has paid the filing fee. [D. E. No. 1-2]

In his complaint, Byrdwell alleges that on August 29, 2021, he directed his two minor children to wear face masks and maintain social distancing when one of them exhibited symptoms of COVID-19. Byrdwell believes that either one of his children or his ex-wife later called the Henry County Sheriff, who came to his home, took his children, and placed them in the care of his ex-wife's boyfriend. The same day his ex-wife filed an *ex parte* petition for an order of protection based upon these events. Judge Hellard issued the *ex parte* order of protection against Byrdwell on

August 30, 2021, prohibiting any contact with his children, limiting his movements, directing the confiscation of his guns, and imposing other restrictions. Judge Hellard has scheduled a full hearing on these matters, but Byrdwell believes that he will not be afforded any opportunity to present his views at the hearing. [D. E. No. 1 at 4-6]

Byrdwell contends that Judge Hellard's actions are unconstitutional, violating his rights under the First, Second, Fifth, and Fourteenth Amendments to the United States Constitution, as well as the Privileges and Immunities Clause of Section Two, Article IV thereof. He also argues that several of the Kentucky statutes upon which the judge's orders are based are unconstitutionally vague or overbroad. For relief, Byrdwell seeks a declaration that the Kentucky statutes are unconstitutional and an injunction prohibiting Judge Hellard or any other Kentucky government official from enforcing the order of protection. *Id*. at 6-7.

A review of the Kentucky Court of Justice's online docket indicates that Byrdwell's ex-wife filed for divorce in mid-2016. A decree of dissolution was entered three years later, but the matter is on appeal and motions related to child custody have continued to be filed in the years following.[1] Child custody concerns

---

[1]  See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=052&court=1&division=CI&caseNumber=16-CI-00111&caseTypeCode=DF&client_id=0 (visited on September 7, 2021). A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017)

have also prompted Byrdwell to file five other cases regarding such matters in the District Court of Shelby County, Kentucky.  Byrdwell's suit in this Court relates to the latest action, filed by his ex-wife, in that Court.  A hearing on the order of protection is scheduled for September 8, 2021.[2]  The Court has thoroughly reviewed Byrdwell's complaint, but concludes that it must be dismissed without prejudice.

Byrdwell's assertion of his claims, in federal court and at this time, faces three possible barriers to consider by this Court.  The first is the *Rooker-Feldman* doctrine, which prevents a person who has "lost" in a state court proceeding from suing in federal court to review and overturn the state court's judgment.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Byrdwell's complaint appears to ask the Court to do just that.  [D. E. No. 1 at 7]  But Byrdwell states that the Shelby District Court has entered only a non-final emergency protective order, not a final domestic violence order of the kind that would issue after a hearing.  Although the topic is not entirely settled, most courts hold that the *Rooker-Feldman* doctrine does not apply to intermediate orders such as the one involved here.  *Cf.*

_____

("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

[2]  See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=106&court=1&division=DI&caseNumber=21-D-00122-001&caseTypeCode=DV&client_id=0   (visited on September 7, 2021)

*TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005).  Of course, once

a final order is entered, *Rooker-Feldman* dictates that Byrdwell's remedy is to appeal

through the Kentucky court system, not to seek relief from the state court order by

filing an action in federal court.  *New Orleans Public Serv., Inc. v. Council of City*

*of New Orleans*, 491 U.S. 350, 369 (1989) ("[A] party may not procure federal

intervention by terminating the state judicial process prematurely - forgoing the state

appeal to attack the trial court's judgment in federal court.").

The second concern is the domestic relations exception to subject matter

jurisdiction.  That judicially-crafted doctrine is based upon the terms of the Judiciary

Act of 1789, and creates an exception to a federal court's diversity jurisdiction if the

plaintiff effectively seeks to obtain or modify a decree relating to divorce, alimony,

or child custody.  *Ankenbrandt v. Richards*, 504 U.S. 689, 698-703 (1992); *Chevalier*

*v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015).  Again, Byrdwell's claims

and the relief he seeks fall squarely within the scope of the exception.

By its terms the doctrine only applies to cases invoking a federal court's

diversity jurisdiction.  In contrast, Byrdwell asserts constitutional claims under 42

U.S.C. § 1983, claims which invoke the court's federal question jurisdiction.  On the

one hand, the Supreme Court has consistently cautioned against expanding

exceptions to jurisdiction, including the domestic relations exception, beyond their

intended scope.  *Ankenbrandt*, 504 U.S. at 701 ("... the lower federal courts have

applied [the domestic relations exception] in a variety of circumstances ... well beyond the circumscribed situations posed by *Barber* and its progeny."); *Chevalier*, 803 F.3d at 795 ("... the domestic-relations exception is narrow, and lower federal courts may not broaden its application."). And, after all, the doctrine was created based solely upon an interpretation of the Judiciary Act's definition of federal diversity jurisdiction.

On the other hand, a slight majority of federal courts hold that the exception applies to claims presenting only a federal question. Compare *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (holding that the exception "[applies] to both federal-question and diversity suits.") and *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) with *Reale v. Wake Cty. Hum. Servs.*, 480 F. App'x 195, 197 (4th Cir. 2012) ("... the domestic relations exception is applied only as a judicially implied limitation on the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction.") (cleaned up) (*citing United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997)) and *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 96 (3d Cir. 2011) ("[A]s a jurisdictional bar, the domestic relations exception does not apply to cases arising under the Constitution or laws of the United States.") (quoting *Flood v. Braaten*, 727 F. 2d 303, 308 (3d Cir. 1984)).

The Court concludes, consistent with the available Sixth Circuit precedent, that the exception applies to claims based upon federal question jurisdiction. First, the Judiciary Act's grant of federal question jurisdiction uses the same language as that found in the diversity section, and "there is no good reason to strain to give a different meaning to the identical language in the diversity and federal-question statutes." *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006). And as a practical matter, the domestic relations exception's "goal of leaving family disputes to the courts best suited to deal with them is equally strong, if not stronger, in the instant, non-diversity dispute where a volatile relationship among former and current spouses has led to a tug-of-war over a little girl and a campaign against a state court judge for carrying out his responsibilities." *Allen v. Allen*, 48 F.3d 259, 262 n.3 (7th Cir. 1995). The Court therefore holds that it lacks subject matter jurisdiction to entertain Byrdwell's complaint.

In any event the third obstacle, abstention, would warrant dismissal of this action without prejudice. Even where a federal court possesses subject matter jurisdiction, the Supreme Court has recognized that prudence and comity warrant abstaining from the exercise of that jurisdiction in certain circumstances where the federal action is intertwined with a case or controversy that already has (or could have been) brought in a state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Abstention is appropriate where federal

6

jurisdiction has been invoked to restrain ongoing state proceedings, *Younger v. Harris*, 401 U.S. 37 (1971), or where the case presents difficult questions of state law, matters of peculiar public importance to the state, or where the state has special expertise, *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).  The situation presented by Byrdwell's complaint presents these very types of concerns.

Understandably, the Sixth Circuit has held that "abstention is generally appropriate in matters of family relations such as child custody."  *Alexander v. Morgan*, 353 F. Supp. 3d 622, 628 (W.D. Ky. 2018) (quoting *Meyers v. Franklin Cty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001)).  Child custody cases involve important state interests and require interpretation of state statutes like the ones challenged by Byrdwell here, a task which the Kentucky courts are uniquely qualified to perform.   And while he asserts claims under the United States Constitution, federal and state courts possess concurrent rather than exclusive jurisdiction over such matters, and "state processes are [equal] to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation."  *Moore v. Sims*, 442 U.S. 415, 435 (1979). The Court therefore concludes that *Burford* abstention is appropriate, and will dismiss the complaint without prejudice so that Byrdwell may assert his claims in a more appropriate forum.

Accordingly, it is **ORDERED** as follows:

7

1. Byrdwell's Complaint [D. E. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. This action is **STRICKEN** from the docket.

This 8th day of September, 2021.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**